# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM WRIGHT, | CASE NO. 1:11-cv-01032-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| JAMES HARTELY, et al., | (Doc. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| _____/ | |

## I. Procedural History

Tim Wright ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983. On June 21, 2011, Plaintiff filed his complaint which is currently before the Court. Doc. 1.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
3        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in
5  support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467
6  U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v.*
7  *United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898
8  (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the
9  allegations of the complaint in question, and construe the pleading in the light most favorable to the
10 plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22
11 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).
12
13 **III.   Plaintiff's Complaint**
14       Plaintiff is currently a state prisoner at High Desert State Prison (HDSP) in Standish,
15 California. The events central to Plaintiff's complaint occurred while he was at prisoner at Avenal
16 State Prison (ASP) in Avenal, California. Doc. 1. In the complaint, Plaintiff names the following
17 individuals as defendants in this action: 1) James Hartely (Warden at ASP); 2) California
18 Department of Corrections and Rehabilitation (CDCR); 3) John Doe #1 (Transport Correctional
19 Officer); 4) John Doe #2 (Transport Correctional Officer); 5) John Doe #3 (X-Ray Technician).
20 Doc. 1 at 1-3. Plaintiff fails to state what relief he seeks.
21       Plaintiff alleges that at about 6:30 a.m., on May 5, 2011, two transport officers (Defendants
22 Doe #1 and Doe #2) transported Plaintiff from ASP to a medical appointment in Bakersfield,
23 California. Doc. 1 at 4. According to Plaintiff, Defendant Doe #1 tried to secure Plaintiff with the
24 straps the correct way. Doc. 1 at 4. However, Defendant Doe #2 (Correctional Officer Yabar)[1] told
25 Defendant Doe #1 that he would secure Plaintiff in the vehicle. Doc. 1 at 4. Defendant Doe #2
26 (Yabar) placed a strap in front of Plaintiff's wheelchair. Doc. 1 at 4. Plaintiff told Defendant Doe
27
28       [1] It is unclear why plaintiff names defendant as Doe #2 and then refers to Doe #2 by the name Yabar.

1  #2 (Yabar) that his wheelchair needed to be "four point" harnessed not just "two point" harnessed.
2  Doc. 1 at 4. Defendant Doe #2 (Yabar) told Plaintiff that he had been doing this job for years and
3  knew how to strap a wheelchair in. Doc. 1 at 5. Plaintiff states that he was very afraid at this point
4  because Plaintiff knew that Defendant Doe #2 (Yabar) was being deliberately indifferent to
5  Plaintiff's safety during transport. Doc. 1 at 5.

6        According to Plaintiff, upon leaving ASP, he was thrown out of his wheelchair twice but was
7  able to stop the fall from putting his arms out. Doc. 1 at 5. Once the vehicle was on the highway,
8  Defendant Doe #2 (Yabar) drove in a manner that dumped Plaintiff out of his wheelchair and was
9  pinned between the wheelchair and the wall of the van. Doc. 1 at 5. Plaintiff yelled for help,
10 however, Defendant Doe #2 (Yabar) continued driving. Doc. 1 at 5. When Defendant Doe #2
11 (Yabar) finally stopped the vehicle, Plaintiff's neck was bent to his shoulders. Doc. 1 at 5. At the
12 time, Plaintiff had a rod and seven cervical pins and this fall had cause him great pain. Doc. 1 at 5.
13 When the van stopped, three correctional officers came. Doc. 1 at 5. Correctional Officer Person
14 unfastened the wheelchair and slid it away from Plaintiff, leaving Plaintiff lying on his left side with
15 his neck bent. Doc. 1 at 5. The correctional officers sat Plaintiff upright and let him sit for a few
16 minutes, attempted to pick Plaintiff up but could not and then propped Plaintiff back on the floor.
17 Doc. 1 at 5. The correctional officers tried again to pick up Plaintiff and were able to place Plaintiff
18 back in his wheelchair. Doc. 1 at 5. The Correctional Officer Person strapped Plaintiff in the van
19 and told the other officers that he was not strapped in correctly. Doc. 1 at 5. Officer Person showed
20 the other correction officers how to secure a wheelchair by "four points." Doc. 1 at 6.

21       They arrived at the destination at around 7:45 a.m. and Plaintiff waited in a holding cell to
22 receive medical treatment. Doc. 1 at 6. Then Defendant Doe #3, an x-ray technician, placed
23 Plaintiff in a position that caused more pain and suffering. Doc. 1 at 6. Latter, the x-ray technician
24 said, "why didn't you tell me that you had pins in your neck?" Doc. 1 at 6. Plaintiff was told that
25 he would be seen by a doctor on May 9, 2011, however, at the time of his complaint in June of 2011,
26 he has yet to see a doctor. Doc. 1 at 6.
27 ///
28 ///

IV.     **Legal Standards and Analysis**

   A.      **Eighth Amendment Conditions of Confinement**

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." *Id.* at 9 (citation omitted). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Farmer*, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Id.* at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

   1.      **Defendant John Doe #1**

Plaintiff allegations that Defendant Doe #1 tried to secure Plaintiff and his wheelchair inside the van but then allowed someone else to do the task fails to demonstrate that Defendant Doe #1 was on notice of a serious risk to Plaintiff and deliberately ignored the risk. Thus Plaintiff fails to state a claim against Doe #1. *See Farmer*, 511 U.S. at 837; *see also Crumbliss v. Darden*, 469 Fed.Appx. 325 (5th Cir. 2012) (unpublished) (finding that prison officers were not deliberately indifferent to prisoner's safety, in violation of the Eighth Amendment, when they transported him in a van that did not have tie down straps for his wheelchair).

**2.     Defendant John Doe #2 (Yabar)**

Plaintiff alleges that Defendant Doe #2 (Yabar) secured Plaintiff's wheelchair in the van at "two points" and when Plaintiff told Defendant Doe #2 that he was securing the wheelchair incorrectly, Doe #2 insisted that his method was correct. Doc. 1 at 4. Although Defendant Doe #2 disagreed with Plaintiff, such disagreement amounts to negligence at most and fails to state a claim. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128; *see also Crumbliss v. Darden*, 469 Fed.Appx. 325 (unpublished) (5th Cir. 2012).

Additionally, although Plaintiff was thrown out of the seat during transit on a highway and yelled to Defendant Doe #2 as he was driving and the fact that Defendant Doe #2 continued driving does not necessarily demonstrate that Defendant Doe #2 was deliberately indifferent since Plaintiff fails to demonstrate that Defendant Doe #2 did, in fact, hear Plaintiff and Plaintiff does not allege that Defendant Doe #2 could safely stop the vehicle sooner than when he did. Additionally, when Defendant Doe #2 stopped for Plaintiff, he got the assistance of two other correctional officers to pick up Plaintiff, Plaintiff's weight was such that three correctional officers could not pick up Plaintiff on the first try and only after Plaintiff was secured did Defendant Doe #2 finish taking Plaintiff to the medical facility. Plaintiff's allegations fail to demonstrate that Defendant Doe # 2 actually knew that there was an excessive risk to Plaintiff's safety and chose to disregard that risk. *Farmer*, 511 U.S. at 837.

**B.     Eighth Amendment Medical Treatment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th

1  Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a
2  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
3  by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060).

4      "Mere negligence in diagnosing or treating a medical condition, without more, does not
5  violate a prisoner's Eighth Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000)
6  (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (internal quotation marks
7  omitted). Additionally, to state a viable claim, Plaintiff must demonstrate that each named defendant
8  personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49
9  (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of
10 Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934.

11     "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060
12 (9th Cir. 2004). "A difference of opinion between a prisoner-patient and prison medical authorities
13 regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344
14 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel
15 regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242
16 (9th Cir. 1989). To prevail, Plaintiff "must show that the course of treatment the doctors chose was
17 medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious
18 disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.
19 1986) (internal citations omitted).

20          **1.     Defendant John Doe #3**

21     Plaintiff alleges that Defendant Doe #3, an x-ray technician, placed Plaintiff in a position that
22 caused more pain and suffering. Doc. 1 at 6. Latter, the x-ray technician said, "why didn't you tell
23 me that you had pins in your neck?" Doc. 1 at 6. Plaintiff fails to demonstrate that Defendant Doe
24 #3 was not necessary as part of the treatment of obtaining a proper x-ray and Plaintiff fails to
25 demonstrate that Plaintiff knew of a serious medical need and chose to ignore that need. Based on
26 the allegations, Plaintiff fails to state an Eighth Amendment claim against Doe #3 for deliberate
27 indifference of a serious medical need. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004);
28 *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.

1986).

### C. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Ewing*, 588 F.3d at 1235.

### 1. Defendants Hartely and CDCR

In this instance, Plaintiff lists the warden James Hartely and the California Department of Corrections and Rehabilitation (CDCR) as defendants, however, Plaintiff fails to explain how these defendants are responsible for the alleged constitutional violation. As warden, Defendant Hartely may only be held liable if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Additionally, Plaintiff may not bring suit against CDCR for money damages in federal court because it is a state agency and is

entitled to Eleventh Amendment immunity. *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

### V.     Conclusions and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 21, 2011, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   September 24, 2012

_____
UNITED STATES MAGISTRATE JUDGE